SEYFARTH SHAW LLP
Kristina Launey (SBN 221335)
klauney@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Ping Wang (SBN 351428)
pwang@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendants
TENCENT AMERICA LLC;
YUNSHAN ZHU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SU AI, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>TENCENT AMERICA LLC, a Delaware limited liability company; YUNSHAN ZHU, an individual; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. _____<br><br>[Santa Clara Superior Court Case No. 26CV486306]<br><br>**DEFENDANTS TENCENT AMERICA LLC AND YUNSHAN ZHU'S NOTICE OF REMOVAL OF CIVIL CASE TO UNITED STATES DISTRICT COURT UNDER 9 U.S.C. § 201 ET SEQ.**<br><br>Complaint Filed:   February 6, 2026 |

1

DEFENDANTS' NOTICE OF REMOVAL

323905187v.4

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF SU AI, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Tencent America LLC ("Tencent America") and Yunshan Zhu ("Zhu") (collectively "Defendants") file this Notice of Removal, pursuant to 9 U.S.C. §§ 202, 203, and 205, to effectuate the removal of the above-captioned action from the Superior Court for the County of Santa Clara to the United States District Court for the Northern District of California. This Court has original jurisdiction under 9 U.S.C. §§ 202 and 203. Removal is proper for the following reasons:

## I.    BACKGROUND

1.    On February 6, 2026, Plaintiff Su Ai ("Plaintiff") filed a Complaint in the Superior Court of California, County of Santa Clara, entitled "*Su Ai v. Tencent America LLC; Yunshan Zhu,*" Case No. 26CV486306 (the "State Court Action"). In the State Court Action, Plaintiff asserts seven claims arising from her employment relationship with Tencent America.

2.    On February 19, 2026, Plaintiff served Tencent America with the following documents through its registered agent for service of process: (1) Summons; (2) State Court Complaint; (3) Civil Case Cover Sheet; and (4) ADR Stipulation and Order. True and correct copies of the documents served on Tencent America are attached hereto as **Exhibit A**. On February 23, 2026, Plaintiff served Zhu with the same set of documents, along with a Notice of Acknowledgment, through his counsel of record via email. True and correct copies of the documents served on Zhu are attached hereto as **Exhibit B**.

3.    **Exhibit A** and **Exhibit B** constitute all pleadings properly served on Defendants and/or filed by Defendants in the State Court Action prior to filing this Notice of Removal. The only hearing currently scheduled in the Santa Clara County Superior Court is a Case Management Conference set for July 23, 2026, at 2:00 p.m., in Department 16. (Declaration of Kristina Launey ("Launey Decl."), ¶¶ 1-5).

## II.    TIMELINESS OF REMOVAL

4.    Removal to this Court is timely pursuant to 9 U.S.C. § 205, which provides that "defendants may, at any time before the trial thereof, remove [an action falling under the Convention] to the [federal] district court …." *See also Infuturia Glob. Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1139 (9th Cir. 2011) ("The meaning of this section is clear: a defendant may remove a qualifying state

2

323905187v.4

court action to federal court at any time before the claims raised in the state court action have been adjudicated). Plaintiff only recently filed her State Court Action on February 6, 2026, and the matter remains in its early stages with no discovery conducted and no trial date set. Accordingly, this Notice of Removal is timely filed before trial.

**III.    ORIGINAL SUBJECT MATTER JURISDICTION UNDER 9 U.S.C. §§ 202 & 203**

5.    This Court has original subject matter jurisdiction over this action under 9 U.S.C. § 203, because the present dispute arises out of an arbitration agreement covered by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").

6.    9 U.S.C. § 203 provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States … shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203. An action falls under the Convention as long as it arises out of a commercial legal relationship that is not entirely between U.S. citizens. 9 U.S.C. § 202 ("An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states").

7.    Pursuant to  9 U.S.C. §§ 202 and 203, courts apply a four-part test for determining whether an arbitration agreement falls within the Convention: "(i) is there is an agreement in writing within the meaning of the Convention; (ii) does the agreement provide for arbitration in the territory of a signatory of the Convention; (iii) does the agreement arise out of a legal relationship, whether contractual or not, that is considered commercial; and (iv) is a party to the agreement not an American citizen, or does the underlying commercial relationship have some reasonable relation to one or more foreign states." 9 U.S.C. § 202; *Leong v. Havens*, No. 20-CV-05236-JST, 2020 WL 6129623, at *2 (N.D. Cal. Oct. 9, 2020); *Miller v. Tri Marine Fish Co.*, Case No. LA CV16-02203 JAK (SSx), 2016 WL 3545523, at *7 (C.D. Cal. June 28, 2016).

DEFENDANTS' NOTICE OF REMOVAL

323905187v.4

8. Each of the four parts is satisfied here. First, Plaintiff and Tencent America signed and executed a written "TENCENT AMERICA LLC AT-WILL EMPLOYMENT, CONFIDENTIAL INFORMATION, INVENTION ASSIGNMENT, AND ARBITRATION AGREEMENT" ("Arbitration Agreement") (original emphasis), along with an Offer Letter incorporating the Arbitration Agreement. Declaration of Ping Yu ("Yu Decl."), ¶ 4, **Exhibit A & B**. Second, The Arbitration Agreement expressly provides that "any arbitration under this agreement shall be conducted in Santa Clara County, California." *Id.*, **Exhibit A**. California is within the territory of the United States, and the United States is a signatory of the Convention. Third, the Arbitration Agreement arises out of a commercial employment relationship. *See Mitchell v. Tillett*, No. 15-CV-04044-VC, 2016 WL 6436820, at *1 (N.D. Cal. Oct. 28, 2016), aff'd, 715 F. App'x 741 (9th Cir. 2018) (holding that an employment relationship is a commercial legal relationship). Fourth, Plaintiff, a party to the Arbitration Agreement, is not a citizen of the U.S. Yu Decl., ¶ 4. Plaintiff's Employment Eligibility Verification Form (USCIS Form I-9) expressly provides that she is only a "lawful permanent resident of the United States." *Id.* Plaintiff's place of birth is China. *Id. See Acab v. Chenrosa LLC*, 725 F. Supp. 3d 1140, 1145 (S.D. Cal. 2024) (court denied motion to remand because plaintiffs were citizens of the Philippines); *MouseBelt Labs Pte. Ltd. v. Armstrong*, 674 F. Supp. 3d 728, 734 (N.D. Cal. 2023) (court held that 9 U.S.C. §§ 202 and 203 were satisfied because the arbitration forum was Singapore and one of the parties was a citizen of Singapore). Because an individual cannot simultaneously be both a lawful permanent resident and a U.S. citizen, Plaintiff is not a U.S. citizen. See 8 U.S.C. § 1101(a)(22) (defining "national of the United States" to include U.S. citizens, not permanent residents); *see also* USCIS Policy Manual, Vol. 12, Part A, Ch. 1 (explaining that lawful permanent residents may become citizens by naturalization, thereby confirming the two statuses are mutually exclusive). Therefore, this action falls squarely within the Convention, and this Court therefore has original subject matter jurisdiction of this action under 9 U.S.C. §§ 202 and 203.

## IV.    **REMOVAL UNDER 9 U.S.C. § 205**

9. This removal is proper under 9 U.S.C. § 205 because Plaintiff's claims and allegations relate to the Arbitration Agreement. 9 U.S.C. § 205 provides: "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the

DEFENDANTS' NOTICE OF REMOVAL

323905187v.4

Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205. The Ninth Circuit has held that " … [']relates to['] in § 205 … mean[s] that whenever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit … the phrase 'relates to' is **plainly broad**, and has been interpreted to convey sweeping removal jurisdiction in analogous statutes." (emphasis added) *Infuturia Glob. Ltd.*, 631 F.3d at 1137–38; *see also Acab v. Chenrosa LLC*, 725 F. Supp. 3d 1140, 1144-1145 (S.D. Cal. 2024) ("[t]he plain language of § 205 provides federal courts with remarkably broad removal authority … Section 205 is triggered by [']just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense[']"); *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) (As long as the defendant's assertion is **not completely absurd or impossible**, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of 'relates to'") (emphasis added). Courts have held that the "enforcement of the arbitration clauses in the Agreements" constitute a conceivable effect on the outcome of a case. *MouseBelt Labs Pte. Ltd.*, 674 F. Supp. 3d at 734; *see also Beiser*, 284 F.3d at 669 (court held that "the [arbitration] agreements require Beiser to submit his claims to an arbitrator" constitute a conceivable effect on the outcome of the plaintiff's case).

The Arbitration Agreement expressly requires both Plaintiff and Tencent America to arbitrate any disputes that arose between them. The most relevant terms to this removal are as follows:

> " … I AGREE THAT **ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES WITH ANYONE** (INCLUDING THE COMPANY AND ANY EMPLOYEE, OFFICER, DIRECTOR, SHAREHOLDER, OR BENEFIT PLAN OF THE COMPANY, IN THEIR CAPACITY AS SUCH OR OTHERWISE), ARISING OUT OF, **RELATING TO, OR RESULTING FROM MY EMPLOYMENT OR RELATIONSHIP WITH THE COMPANY OR THE TERMINATION OF MY EMPLOYMENT** OR RELATIONSHIP WITH THE COMPANY, INCLUDING ANY BREACH OF THIS AGREEMENT, **SHALL BE SUBJECT TO BINDING ARBITRATION UNDER THE FEDERAL ARBITRATION ACT** … ARBITRATION SHALL BE THE SOLE, EXCLUSIVE, AND FINAL REMEDY FOR ANY DISPUTE BETWEEN ME AND THE COMPANY … **NEITHER I NOR THE COMPANY WILL BE PERMITTED TO PURSUE OR PARTICIPATE IN COURT ACTION REGARDING CLAIMS THAT ARE SUBJECT TO ARBITRATION** …."

5

323905187v.4

Yu Decl., Exhibit A at p. 9-12 (emphasis added).

Plaintiff's claims and allegations arise from her employment relationship with Tencent America and fall squarely within the scope of the Arbitration Agreement. Upon removal, Defendants will promptly file a motion to compel arbitration, requiring that Plaintiff's claims be resolved through binding arbitration. The Arbitration Agreement will conceivably affect the outcome of Plaintiff's case, and therefore this removal is proper under the Convention.

## V.    VENUE

10.    Venue lies in the United States District Court for the Northern District of California, pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441(a). This action was originally brought in Santa Clara Superior Court of the State of California, which is located within the Northern District of California. 28 U.S.C. § 84(a). Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI.    NOTICE TO STATE COURT AND TO PLAINTIFF

11.    Defendants will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of Santa Clara. The Notice of Removal is concurrently being served on all parties.

## VII.    CONCLUSION

12.    Defendants submit that this civil action be removed from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California.

DATED: March 23, 2026                    Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Ping Wang*
     Kristina Launey
     Ping Wang

     Attorneys for Defendants
     TENCENT AMERICA LLC and
     YUNSHAN ZHU

6

323905187v.4