**NICHOLS LAW, P.C.**
Sarah R. Nichols (SBN 233099)
9 Pier, Suite 100
San Francisco, California 94111
Telephone: (415) 504-3095
E-mail: sarah@nicholslawyer.com

Attorneys for Plaintiff
SU AI

**SEYFARTH SHAW LLP**
Kristina Launey (SBN 221335)
klauney@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Ping Wang (SBN 351428)
pwang@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendants
TENCENT AMERICA LLC;
YUNSHAN ZHU

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SU AI, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>TENCENT AMERICA LLC, a Delaware limited liability company; YUNSHAN ZHU, an individual; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 5:26-cv-02498-NW<br><br>Santa Clara Superior Court Case No. 26CV486306<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  July 7, 2026<br>Time:  9:00 a.m.<br>Place:  Video Conference<br><br>Complaint Filed: February 6, 2026 |

JOINT CASE MANAGEMENT STATEMENT

Pursuant to Fed. R. Civ. Rule 26(f), Local Rule 16-9 of the Local Rules of the Northern District of California, and this Court's November 30, 2023, Standing Order for All Judges of the Northern District of California, Contents of Joint Case Management Statement, Plaintiff Su Ai ("Plaintiff") and Defendants Tencent America LLC ("Tencent America") and Yunshan Zhu (collectively the "Parties") hereby jointly submit the following joint case management statement.

Defendant Tencent America expressly reserves all rights and does not waive, and expressly preserves, all arguments maintained within its pending Motion to Compel Arbitration and Motion to Dismiss Plaintiff's Second Cause of Action ("Motion to Compel and to Dismiss"), and maintains that this matter's proper venue is arbitration. Defendants' submission of this Joint Case Management Statement, is not intended to, and shall not, be deemed a waiver of any jurisdictional or arbitrability arguments.

## I.     JURISDICTION AND SERVICE

### a.     Plaintiff's Position

On April 13, 2026, Plaintiff filed her Motion to Remand the action to California Superior Court on the ground that this Court lacks subject matter jurisdiction. The predispute arbitration agreement on which Defendants predicate removal under 9 U.S.C. § 205 has been rendered unenforceable by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, 9 U.S.C. § 402, and therefore does not fall under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

On April 13, 2026, Plaintiff filed her Opposition to the Motion to Compel Arbitration and Dismiss Plaintiff's Second Cause of Action.  The Court should stay briefing on the Motion to Compel pending resolution of Plaintiff's concurrently filed Motion to Remand, which challenges the jurisdictional premise of removal under the Convention.  The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"), 9 U.S.C. § 402, renders the arbitration agreement unenforceable with respect to this entire case, which centers around the actions of Defendants not only allowing for an environment of sexual harassment but perpetrating the harassment and endorsing it by punishing Plaintiff for not being a "team player" and firing her after she reported the sexual harassment and subsequent retaliation. Plaintiff elects to invalidate the agreement pursuant to § 402(a). That election is dispositive of the Motion to Compel. Even if the Court reaches the Rule 12(b)(6) motion, the

harassment claim is adequately pleaded, dismissal with prejudice is improper, and Defendant Yunshan Zhu ("Zhu") is individually liable under Government Code §12940, subdivision (j)(3).

### b.   Defendants' Position

This Court has original jurisdiction under 9 U.S.C. §§ 202 and 203, and removal jurisdiction under 9 U.S.C. § 205, because this dispute arises out of an arbitration agreement governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and Plaintiff's claims relate to that agreement. All parties have been properly served. There are no issues regarding personal jurisdiction or venue.

### II.   FACTS

### a.   Plaintiff's Position

On or about July 19, 2024, Plaintiff filed a formal complaint with Tencent America's human resources team regarding Defendant Zhu's repeated sexual harassment, leading to an investigation that corroborated her complaint.  Plaintiff's manager Rui Chen was a close mentor of Zhu's and began to retaliate against her by removing her from key projects, reducing her scope, and giving performance reviews claiming she was a poor team player.  Shortly after, Plaintiff reported the retaliatory treatment to HR. HR Representative Yoky Yu initially ignored Plaintiff's attempts to reach out, and then asked Plaintiff to send her the timeline of the retaliation. Before Plaintiff had a chance to submit the timeline, she was submitted to a pretextual, retaliatory wrongful termination in the guise of a "layoff" of one.  No one else on her team was laid off at that time.

Zhu made repeated sexually suggestive remarks in team meetings and on WeCom from the beginning of her employment and continuing through 2024.  Zhu referred to coworkers using slang terms for sexual threesomes. Zhu publicly belittled Plaintiff in group settings. Coworkers privately expressed concern and acknowledged the hostile atmosphere. Tencent's own HR department investigated and substantiated the misconduct. Defendants rely heavily on *Kortan v. California Youth Authority*, 217 F.3d 1104 (9th Cir. 2000), for the proposition that gender-based comments do not constitute actionable harassment. (Dkt. 8 at 13-14.) But Defendants misread *Kortan*.  The same court, found actionable harassment where the supervisor made explicitly sexual comments. *Id.* at 1106, 1111. The distinction *Kortan* draws is between gender-based insults and sexually suggestive conduct. Plaintiff's allegations fall on the actionable side of that line. "Let me put on my pants first" is not a gender-based insult; it is a remark

with explicit sexual content. References to slang terms for sexual threesomes are not gendered commentary; they are sexually explicit language used in the workplace.

Defendants ignore these allegations, coworker corroboration and dismiss the HR investigation, despite the fact that Defendants' own counsel later confirmed in correspondence that the investigation substantiated the complaints. Defendants cannot strip the Complaint of its factual content and then argue that their own stripped-down version fails to state a claim.

**b.    Defendants' Position**

On April 7, 2023, Plaintiff accepted an offer of employment with Defendant Tencent America and entered into a valid and enforceable arbitration agreement requiring her to arbitrate all employment-related disputes. Notwithstanding this binding agreement—and despite having been reminded of it multiple times by Tencent America's counsel before filing suit—Plaintiff disregarded her contractual obligations and proceeded in court. Plaintiff asserts claims for unequal pay, age discrimination, retaliation, and exempt misclassification, all of which fall squarely within the scope of the arbitration agreement and must be submitted to Judicial Arbitration and Mediation Services ("JAMS"). Plaintiff also asserts a conclusory and meritless sexual harassment claim based on only three gender-based comments allegedly made by a non-managerial co-worker and co-defendant, Yunshan Zhu, in an attempt to invoke the narrow arbitration exception under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"). The EFAA does not apply here because Plaintiff fails to plausibly allege facts supporting a sexual harassment claim within the meaning of the statute. Plaintiff's sexual harassment claim, along with Defendant Yunshan Zhu, should be dismissed with prejudice.

**III.    LEGAL ISSUES**

**a.    Plaintiff's Position**

This action should be remanded because this Court lacks subject matter jurisdiction. The predispute arbitration agreement on which Defendants predicate removal under 9 U.S.C. § 205 has been rendered unenforceable by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, 9 U.S.C. § 402, and therefore does not fall under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

The Court should stay briefing on the Motion to Compel pending resolution of Plaintiff's concurrently filed Motion to Remand, which challenges the jurisdictional premise of removal under the Convention.  The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"), 9 U.S.C. § 402, renders the arbitration agreement unenforceable with respect to this entire case, which centers around the actions of Defendants not only allowing for an environment of sexual harassment but perpetrating the harassment and endorsing it by punishing Plaintiff for not being a "team player" and firing her after she reported the sexual harassment and subsequent retaliation. Plaintiff elects to invalidate the agreement pursuant to § 402(a). That election is dispositive of the Motion to Compel. Even if the Court reaches the Rule 12(b)(6) motion, the harassment claim is adequately pleaded, dismissal with prejudice is improper, and Defendant Yunshan Zhu ("Zhu") is individually liable under Government Code §12940, subdivision (j)(3).

The key legal issues in this action are (1) Defendant violated equal pay laws; (2) Plaintiff was subjected to sexual harassment; (3) Plaintiff was retaliated against in violation of Government Code Section 12940(h) and Labor Code Section 1102.5; (4) Defendant failed to prevent harassment, discrimination and retaliation; and (5) failed to pay Plaintiff overtime.

### b.    Defendants' Position

Plaintiff's Motion to Remand to the Superior Court of California, County of Santa Clara ("Motion to Remand"), Defendant Tencent America's Motion to Compel Arbitration and to Dismiss, and Defendant Tencent America's Administrative Motion to Seal Exhibit D Attached to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and to Dismiss ("Motion to Seal") are currently pending before this Court. Defendants submit that: (1) this Court has original jurisdiction under 9 U.S.C. §§ 202 and 203, and removal jurisdiction under 9 U.S.C. § 205, such that Plaintiff's Motion to Remand should be denied; (2) this action must be submitted to binding arbitration pursuant to the valid and enforceable arbitration agreement executed by the parties; (3) Plaintiff's second cause of action for sexual harassment, as well as Defendant Yunshan Zhu, should be dismissed with prejudice under Fed. R. Civ. Rule 12(b)(6) because Plaintiff fails to allege facts demonstrating conduct that is sufficiently severe or pervasive to alter the conditions of her employment and state a plausible claim for sexual harassment under California law. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir.

JOINT CASE MANAGEMENT STATEMENT

2021). And, (4) Exhibit D—Docket No. 10-5—attached to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and to Dismiss, should be sealed in its entirety pursuant to Fed. R. Evid. 408 because Plaintiff publicly filed Tencent America's confidential settlement communications, which also contain non-public, confidential business information.

### IV.    MOTIONS

Plaintiff's Motion to Remand, Defendant Tencent America's Motion to Compel Arbitration and to Dismiss, and Defendant Tencent America's Motion to Seal are currently pending before this Court. The Motion to Remand and Motion to Compel Arbitration and to Dismiss are scheduled for hearing on June 24, 2026. The Motion to Seal remains under submission. The Parties do not currently anticipate filing any additional motions.

### V.    AMENDMENT OF PLEADINGS

The Parties do not anticipate any amended pleadings.

### VI.    EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### VII.    DISCLOSURES

#### a.    Plaintiff's Position

Plaintiff maintains that this Court should remand the action to California Superior Court on the grounds that this Court lacks subject matter jurisdiction prior to June 30, 2026, the deadline for the Parties to comply with the initial disclosure requirements.

#### b.    Defendants' Position

The current deadline for the Parties to comply with the initial disclosure requirements of Fed. R. Civ. Rule 26 is June 30, 2026. Defendants maintain that this Court should dismiss Plaintiff's second cause of action for sexual harassment and Defendant Yunshan Zhu, and compel the remaining action to binding arbitration prior to that date.

JOINT CASE MANAGEMENT STATEMENT

## VIII.   DISCOVERY

### a.      Plaintiff's Position

No discovery has taken place to date. Plaintiff anticipates no future discovery in this venue because this Court lacks subject matter jurisdiction. The predispute arbitration agreement on which Defendants predicate removal under 9 U.S.C. § 205 has been rendered unenforceable by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, 9 U.S.C. § 402, and therefore does not fall under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

### b.      Defendants' Position

No discovery has been taken to date. Defendants anticipate no future discovery in this venue because this Court should dismiss Plaintiff's second cause of action for sexual harassment and Defendant Yunshan Zhu, and compel the remaining action to binding arbitration.

## IX.   CLASS ACTIONS

The present matter is not a class action.

## X.   RELATED CASES

The Parties are not presently aware of the existence of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

## XI.   RELIEF

### a.      Plaintiff's Position

Plaintiff requests that the Court remand the action to California Superior Court on the grounds that this Court lacks subject matter jurisdiction.  Failing that, the Motion to Compel and Dismiss should be denied.  Plaintiff seeks general damages, special damages, economic damages, punitive damages, prejudgment interest, liquidated damages, costs of suit including attorney's fees, interest and such other relief as the Court may deem proper.

### b.      Defendants' Position

This Court should dismiss Plaintiff's second cause of action for sexual harassment, as well as Defendant Yunshan Zhu, and compel the remaining claims to binding arbitration. The merits of Plaintiff's claims, and any entitlement to relief, should be determined by a JAMS arbitrator.

JOINT CASE MANAGEMENT STATEMENT

## XII.    SETTLEMENT AND ADR

Plaintiff asked if Defendant would stipulate to private mediation.  Defendants declined to do so pending resolution of the jurisdictional and procedural issues raised in the Parties' pending motions. Defendants further submit that court-sponsored ADR is unnecessary because this action should proceed in JAMS arbitration.  Consistent with Section F of the Court's Standing Order, which directs the Parties to select a form of ADR and propose a deadline to complete it regardless of any pending motion, Plaintiff selects private mediation and proposes that it be completed by the deadline set forth in the schedule below.

## XIII.    OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to court-sponsored binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.  Pursuant to Section F of the Court's Standing Order:

Plaintiff does not consent to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c); and

Defendants consent to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

## XIV.    NARROWING OF ISSUES

### a.    Plaintiff's Position

Plaintiff does not anticipate the parties agreeing to narrow issues.

### b.    Defendants' Position

Defendant submits that the Court should first resolve Plaintiff's Motion to Remand, Defendant Tencent America's Motion to Compel Arbitration and Dismiss, and Defendant Tencent America's Motion to Seal before the Parties meet and confer regarding narrowing the issues on the merits or addressing the potential for expedited proceedings.

## XV.    SCHEDULING

### a.    Plaintiff's Position

While Plaintiff maintains that this Court lacks subject matter jurisdiction, in accordance with the Judge's Standing Order Plaintiff proposes the following schedule:

/ /

7

| Event | Proposed Deadline & Schedule |
|---|---|
| Close of Fact Discovery | June 11, 2027 |
| Deadline to Complete ADR:<br><br>[X] Private mediation | July 2, 2027 |
| Opening Expert Reports | July 9, 2027 |
| Rebuttal Expert Reports | August 6, 2027 |
| Close of Expert Discovery | August 27, 2027 |
| Deadline to File Dispositive/Daubert Motions | September 17, 2027 |
| Hearing on Dispositive/Daubert Motions and Trial Readiness Conference | November 10, 2027 |
| Joint Pretrial Conference Statement | January 5, 2028 |
| Pre-Trial Conference | January 19, 2028 |
| Trial | February 7, 2028 |

**b.      Defendants' Position**

Defendants submit that this item is not applicable because this action should proceed in JAMS arbitration.

## XVI.    TRIAL

**a.      Plaintiff's Position**

Plaintiff has demanded a jury trial. Plaintiff anticipates that the trial will take 10-15 days.

**b.      Defendants' Position**

This action will not be tried before this Court because it should proceed in JAMS arbitration.

## XVII.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**a.      Plaintiff's Position**

Pursuant to Civil L.R. 3-15, there is no conflict of interest (other than the named parties) to report.

/ /

JOINT CASE MANAGEMENT STATEMENT

**b.      Defendants' Position**

Defendants have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The following listed persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding: 1) Plaintiff Su Ai; 2) Defendant Tencent America LLC; and 3) Defendant Yunshan Zhu.

**XVIII.      <u>PROFESSIONAL CONDUCT</u>**

Counsel of record for Plaintiff and Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: June 18, 2026                     Respectfully submitted,

NICHOLS LAW, P.C.

By: */s/ Sarah R. Nichols*
    Sarah R. Nichols

    Attorneys for Plaintiff
    SU AI

DATED: June 18, 2026                     Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Ping Wang*
    Kristina Launey
    Ping Wang

    Attorneys for Defendants
    TENCENT AMERICA LLC;
    YUNSHAN ZHU

326682417v.1

JOINT CASE MANAGEMENT STATEMENT